UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



WILLIAM RYAN and JOHN J. SHAUGHNESSY, )
as they are TRUSTEES, INTERNATIONAL UNION )
OF OPERATING ENGINEERS LOCAL 4 HEALTH )
AND WELFARE, PENSION, AND ANNUITY FUNDS, )
and LOUIS G. RASETTA and CHRISTOPHER )
BARLETTA, as they are TRUSTEES, HOISTING AND )
PORTABLE ENGINEERS LOCAL 4 APPRENTICE )
AND TRAINING FUNDS and INTERNATIONAL )
UNION OF OPERATING ENGINEERS, LOCAL 4, )
                                    )
               Plaintiffs           )
vs.                                 )
                                    )
FOSTER CONSTRUCTION, INC.,          )
                                    )
               Defendant            )

C.A. No.

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Sections 1132(a)(3) and (d)(1) and 1145 and Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2. The Court has jurisdiction of this action pursuant to Section 502(a), (e) and (f) of ERISA, 29 U.S.C. Sections 1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. Section 1002(1). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. Section 1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C.

12. The Agreement obligates Foster to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedule of Wages.

13. Pursuant to the Agreement, Foster is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I – VIOLATION OF ERISA – DELINQUENT CONTRIBUTIONS

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13, supra.

15. Foster performed work under the terms of the applicable collective bargaining agreements between February of 2002 and September of 2003.

16. Foster failed to pay all contributions owed for this period and now owes the Funds $46,560.00 in unpaid contributions and interest due for the period from February of 2002 through September of 2003, together with an as yet unliquidated liability for the period of October, 2003 to the present. Foster also owes additional interest on these delinquent contributions which continues to accrue through the date of payment.

17. To date, Foster has failed to pay the Funds the $46,560.00 in contributions and interest due for the period of February of 2002 through September of 2003 and may be liable for additional obligations incurred thereafter.

18. The failure of Foster to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates Section 515 of ERISA, 29 U.S.C. Section 1145.

19. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, including contributions now due and owing, and the Funds and their participants will be irreparably damaged.

20. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. Section 1132(h).

## COUNT II – VIOLATION OF LMRA – DELINQUENT CONTRIBUTIONS, DUES AND INTEREST

21. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-20, supra.

22. The failure of Foster to make contributions on behalf of all covered employees, to remit the union dues it deducted from its employees' paychecks and to pay interest as required by the terms of the collective bargaining agreement violates Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of defendant Foster;

b. Enter a preliminary and permanent injunction enjoining Foster from refusing or failing to make contributions and pay interest to Plaintiff Funds and from refusing or failing to remit union dues to the Plaintiff Union;

c. Enter judgment in favor of the Plaintiff Funds in the amount of $46,560.00 plus any additional amounts determined by the Court to be owed by Foster or which may

become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. Section 1132(g)(2);

d. Enter judgment in favor of the Plaintiff Union for all union dues owed by Foster or which may become due during the pendency of this action, together with interest and attorney's fees in accordance with 29 U.S.C. Section 185; and

e. Such further and other relief as this Court deem appropriate.

> WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTENATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al
>
> By their attorney,
>
> Randall E. Nash
> BBO #546963
> 11 Beacon Street, Suite 500
> Boston, MA 02108
> (617) 742-5511

Dated: Dec. 23, 2003