UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, <br><br>Plaintiffs <br><br>vs. <br><br>FOSTER CONSTRUCTION, INC., <br><br>Defendant | C.A. No. 03-12606-GAO |

MOTION FOR DEFAULT JUDGMENT

Now come the plaintiffs in the above-captioned matter and, pursuant to Rule 55 of the Federal Rules of Civil Procedure, move this court for entry of a default judgment against Foster Construction, Inc. in the amount of $60,488.13, consisting of delinquent contributions in the amount of $42,616.39, pre-judgment interest in the amount of $6,073.69, additional interest in the amount of $6,073.69, delinquent union dues in the amount of $2,089.94 and delinquent SAC/PAC contributions in the amount of $159.32 and costs and attorneys fees in the amount of $3,475.10, as requested in the complaint and as provided by 29 U.S.C. Sections 1132(g)(2) and 185, plus post-judgment interest as provided by law.

In support of their motion, the plaintiffs state:

1. The default of Foster Construction, Inc. was entered on March 22, 2004.

2. The defendant has not appeared in this action.

3. The complaint in this action sets out a valid claim for delinquent benefit fund contributions, delinquent union dues, and delinquent SAC/PAC contributions owed the plaintiffs by Defendant Foster Construction, Inc. By virtue of the default, Foster Construction, Inc. may not challenge the allegations supporting this claim.

4. The relief sought in the requested judgment is more fully set forth and discussed in the attached Memorandum in Support of Motion for Default Judgment and is supported by the attached Affidavits of James P. Bucci and Randall E. Nash and the attachments thereto.

5. Foster Construction, Inc. is not an infant nor an incompetent person as set forth in the attached Affidavit of Randall E. Nash.

6. Foster Construction, Inc. is not in the military service as set forth in the attached Affidavit of Randall E. Nash.

7. In accordance with this court's Standing Order Regarding Motions for Default Judgment, a draft order is attached.