## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WILLIAM RYAN and JOHN J. SHAUGHNESSY,        )
as they are TRUSTEES, INTERNATIONAL UNION      )
OF OPERATING ENGINEERS LOCAL 4 HEALTH        )
AND WELFARE, PENSION, AND ANNUITY FUNDS,   )
and LOUIS G. RASETTA and CHRISTOPHER          )
BARLETTA, as they are TRUSTEES, HOISTING AND  )
PORTABLE ENGINEERS LOCAL 4 APPRENTICE       )
AND TRAINING FUNDS and INTERNATIONAL         )
UNION OF OPERATING ENGINEERS, LOCAL 4,       )       C.A. No. 03-12606-GAO
                                                                           )
                        Plaintiffs                      )
                                                                           )
vs.                                                                       )
                                                                           )
FOSTER CONSTRUCTION, INC.,                          )
                                                                           )
                        Defendant                      )

### AFFIDAVIT OF JAMES P. BUCCI

I, James P. Bucci, under oath and of my own personal knowledge, hereby depose and state as follows:

1. I am the Field Representative for the International Union of Operating

   Engineers Local 4 Health and Welfare, Pension, Annuity Funds and

   Apprenticeship and Training Funds ("the Funds"). In my capacity as Field

   Representative, I am familiar with the day to day operations of the Funds and

   with the collective bargaining agreements, plan documents, employer

   contribution reports, and other documents relative to the Funds.

2. The Funds are multiemployer plans. Employers contribute to the Funds

   pursuant to the terms of the plan documents and collective bargaining

   agreements.

3.  Since 1999, Foster Construction, Inc. ("Foster") has been signatory to an agreement requiring contributions to the Funds on behalf of its Local 4 employees.

4.  Contribution rates for the Funds are set forth in the applicable wage schedules, true and correct copies of which are attached as Exhibits 1A and 1B.

5.  The applicable collective bargaining agreement provides for the assessment of interest at the rate of one percent (1%) per month on delinquent contributions to the Funds. A true and correct copy of Article XI, Section 4 of the collective bargaining agreement is attached as Exhibit 2. There are no provisions for liquidated damages in the collective bargaining agreement or the plan documents.

6.  Foster failed to pay all contributions due under the terms of the collective bargaining agreement for work performed between February of 2002 and December of 2002. The total amount due for this period was $16,278.50. True and correct copies of the relevant contribution reports are attached as Exhibits 3A – 3E.

7.  In February of 2003, the Foster agreed to a payment schedule to resolve the issues regarding the outstanding contributions set forth in paragraph 6, above. A true and correct copy of this signed payment schedule is attached as Exhibit 4. Foster did not make any payments in accordance with this payment schedule.

8.  In or around April of 2003, the Funds offered to modify the payment schedule to allow Foster to make reduced payments over a longer period of time. A

true and correct copy of the revised Agreement for Payment is attached as Exhibit 5. Foster made one payment of $2,500.00 pursuant to the Agreement and did not make any further payments toward the satisfaction of this delinquency. Accordingly, Foster owes $13,778.50 for the period between February of 2002 and December of 2002.

9. Foster also failed to make all contributions due under the terms of the collective bargaining agreement for the period from February of 2003 through September of 2003. The total amount of contributions due for this period is $28,837.89. True and correct copies of the relevant contribution reports are attached as Exhibits 6A – 6K.

10. Based upon the information available to the Funds at this time, the total amount of delinquent contributions owed by Foster during the period from February of 2002 through September of 2003 is $42,616.39.

11. I have computed the interest due on these contributions in accordance with Article XI, Section 4 of the collective bargaining agreement. The amount of interest owed as of April 30, 2004 is $6,073.69. True and correct copies of my calculation sheets are attached as Exhibits 7A and 7B.

12. The applicable collective bargaining agreement also requires employers to deduct and remit union dues to International Union of Operating Engineers Local 4 (Local 4) and to deduct and remit voluntary contributions to the Social and Political Action Committee's (SAC/PAC) Funds administered by Local 4. True and correct copies of Articles XIV and XV of the collective bargaining agreement are attached as Exhibit 8.

13. The dues and the SAC/PAC payments referred to in paragraph 12, above, are remitted to the Funds office and forwarded to Local 4 and the SAC/PAC Funds. During the period from February of 2002 through September of 2003, Foster failed to remit union dues in the amount of $2,089.94 and SAC/PAC contributions in the amount of $159.32. See Exhibits 3A – 3E and 6A – 6K.

14. Based upon the information available to the Funds at this time, the total amount due to the plaintiffs from Foster for the period of February of 2002 through September of 2003 is $50,939.34, consisting of delinquent benefit fund contributions in the amount of $42,616.39, interest on these delinquent benefit fund contributions in the amount of $6073.69, unpaid union dues in the amount of $2089.94, and unpaid SAC/PAC contributions in the amount of $159.32.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
21ˢᵗ DAY OF APRIL 2004.

_James P. Bucci_
James P. Bucci

4